# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 14, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RODDY FERRELL,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0222** (BOR Appeal No. 2049901)
(Claim No. 2013012988)

**HANOVER RESOURCES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roddy Ferrell, by Wendle D. Cook, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Hanover Resources, LLC, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 12, 2015, in which the Board affirmed a September 15, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 17, 2012, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 18, 2012, Hanover Resources, LLC, submitted a report of occupational pneumoconiosis for Mr. Ferrell. It noted that Mr. Ferrell, a loader operator, began working for Hanover Resources, LLC, on September 11, 2000, and last worked on March 10, 2010. The document indicated Mr. Ferrell was not exposed to the hazards of occupational pneumoconiosis for a continuous period of sixty days while working for Hanover Resources, LLC. Attached to the report was a dust sampling for Synergy Mine, which showed dust levels below allowable limits both before and after Mr. Ferrell's period of employment there.

1

The claims administrator denied Mr. Ferrell's application for benefits on October 17, 2012, because he was not exposed to hazardous dust during his employment. Mr. Ferrell protested and submitted Mine Safety and Health violation reports from March 1, 2011, through March 26, 2013, showing mine safety violations at the Slaughter Creek Prep Plant in Kanawha County, West Virginia. The plant was also owned by Hanover Resources, LLC.

On October 29, 2013, the Office of Judges affirmed the claims administrator's October 17, 2012, decision denying the claim. Mr. Ferrell protested this Order to the Board of Review. On April 23, 2014, the Board of Review remanded the claim back to the Office of Judges with instructions to issue a new Time Frame Order to allow for the full and complete development of the evidentiary record. On May 6, 2014, the Office of Judges acknowledged the Board of Review's Order, and the time frames were extended to July 7, 2014. However, no new evidence was submitted by either party in this matter.

The Office of Judges issued an Order on September 15, 2014, affirming the claims administrator's October 17, 2012, decision. It determined that Mr. Ferrell did not show he met the requirements of West Virginia Code § 23-4-15b (2009). West Virginia Code § 23-4-15b requires that "the claimant was exposed to the hazards of occupational pneumoconiosis for a continuous period of not less than sixty days while in the employ of the employer within three years prior to the filing of his or her claim[.]" Hanover Resources, LLC, argued that he was not exposed to a dust hazard for a continuous period of sixty days while Mr. Ferrell asserted that he was exposed during that period of time. Hanover Resources, LLC, further asserted that the Mine Safety and Health violation report submitted by Mr. Ferrell was irrelevant in this case because it pertained to both the incorrect work site and the incorrect period of time. The violations pertained to the Slaughter Creek Prep Plant in Kanawha County, West Virginia when Mr. Ferrell was working at the Hanover Resources processing plant. Also, the violations report runs from March of 2011 to March of 2013, and Mr. Ferrell's date of last employment was in March of 2010. After consideration, the Office of Judges determined that Mr. Ferrell failed to meet his burden of proof. The Board of Review adopted the findings of the Office of Judges and confirmed its conclusions in a February 12, 2015, Order.

After review, we agree with the consistent decisions of Office of Judges and Board of Review. Mr. Ferrell has failed to show that he was exposed to a dust hazard for a continuous period of sixty days. He therefore failed to meet the burden of proof under West Virginia Code § 23-4-15b. The Office of Judges and Board of Review were therefore correct to reject his claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 14, 2016**

2

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II